UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                                               :

BRADLEY BAKER,                                               :

                    Plaintiff,                            :

          -against-                                      :        03 CV 6258 T(P)

THE HOME DEPOT,                                        :

                    Defendant.                       :
------------------------------------------------------------x

## DEFENDANT HOME DEPOT U.S.A., INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Defendant, Home Depot U.S.A., Inc. ("Defendant" or "Home Depot"), hereby requests that Plaintiff Bradley Baker ("Plaintiff") answer the following interrogatories under oath and in full accordance with the applicable provisions of Rules 26 and 33 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and of the Local Civil Rules for the United States District Court for the Western District of New York. Responses to these Interrogatories are to be made within thirty (30) days of service of the Interrogatories, or within such time as the parties may agree.

## INSTRUCTIONS

If you object to any interrogatory because of a privilege, you must nevertheless provide the following information pursuant to Local Civil Rule 26(f), unless divulging the information would disclose the privileged information:

(a)     the nature of the privilege claimed (including work product);

(b)     if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

(c)     the date of the document or oral communication;

(d) if a document; its type (correspondence, memorandum, facsimile etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

(e) if an oral communication; the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

(f) the general subject matter of the document or the oral communication.

You are under a continuous obligation to supplement your answers to these Interrogatories under the circumstances specified in the relevant Federal Rules of Civil Procedure, including Rule 26.

## **DEFINITIONS**

1. The terms "you," "yours" and/or "yourself" mean Plaintiff Bradley Baker and any other persons acting, or purporting to act, on behalf of Plaintiff Bradley Baker.

2. "Home Depot" means Defendant Home Depot U.S.A., Inc.

3. The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

4. The term "correspondence" includes all letters, telegrams, notices, messages, phone logs, electronic mail, or other written communications or conferences or other oral communications.

5. The term "date" shall mean the exact date, month and year, if ascertainable, or, if

not, the best approximation of the date (based upon relationship with other events).

6. The term "documents" means each document or group of documents as defined in Rule 34 of the Federal Rules of Civil Procedure that are known to you or that can be located or discovered by reasonable diligent efforts. In addition, the word "document" shall mean any writing, recording, computer-stored information, or photograph in your actual or constructive possession, custody, care, or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, pamphlets, periodical, reports, charts, drawings, graphs, surveys, ledgers, invoices, computer printouts, computer discs, data sheet, microfilms, video tapes, or tape recordings.

7. The term "agent" shall mean any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

8. The term "person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

9. The terms "pertains to" or "pertaining to" mean and include relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts. These terms mean, without limitation, any reference or relationship which either: (a) provides information with respect to the subject inquiry, or (b) might lead to individuals who, or documents which, might possess or contain information with respect to the subject of inquiry.

10. The terms "relates to" or "relating to" mean and include constituting, referring to, pertaining to, evidencing, reflecting, describing, or has anything to do with, and in each instance,

directly or indirectly. These terms mean, without limitation, any reference or relationship which either: (a) provides information with respect to the subject inquiry, or (b) might lead to individuals who, or documents which, might possess or contain information with respect to the subject of inquiry.

11. The term "action" shall mean the above captioned case <u>Baker v. The Home Depot, 03 CV 6258 T(P)</u>, pending in the Western District of New York.

12. The term "communication" means the transmittal of information by any means.

## INTERROGATORIES

**Interrogatory No. 1**: Identify all persons, including their addresses, telephone numbers, and job titles, who possess knowledge pertaining to any fact or issue involved in this case. Include in your response a description of the substance of their knowledge, a statement of whether you presently expect to call them as witnesses at trial, and a description of all documents which support, tend to support, or tend to refute your response to this Interrogatory.

**RESPONSE:**

**Interrogatory No. 2:** Identify each document that you intend to use as evidence in support of any claim asserted in your Complaint, or in opposition to any defense or affirmative defense asserted by Home Depot, giving a brief description of what you believe each document proves, and identifying all documents which support, tend to support, or tend to refute your response to this Interrogatory.

**RESPONSE:**

**Interrogatory No. 3:** List each element of damages that you are claiming and include in your response the following: the category into which item of damages falls, (i.e. general damages, special or consequential damages, interest, and any other relevant categories); the factual basis for each item of damages; the amount claimed for each; an explanation of how each amount was calculated, including any mathematical formula; and a description of each document on which such calculation was based or which supports, tends to support, or tends to refute your response to this Interrogatory.

**RESPONSE:**

**Interrogatory No. 4:** Identify any person other than counsel who has provided you with a written statement or opinion of any kind which relates to any allegation, claim, defense, or affirmative defense raised in this lawsuit, and for each such person, describe the substance of such statement or opinion and the date you obtained such statement or opinion.

**RESPONSE:**

**Interrogatory No. 5:** State whether you have received any income of any kind since October 29, 2002. If so, also state:

  a. Each source of income, including but not limited to: employment; self-employment; unemployment; disability; workers' compensation, welfare, social security benefits; pension or annuity; and alimony or other court-ordered payments;

  b. The position held, if any;

  c. The duties of such position;

  d. The dates during which you were employed in such position;

  e. The name, address and telephone number of each employer; and

  f. The total amount of income received by you from each source.

**RESPONSE:**

**Interrogatory No. 6:** Describe in detail every effort you have made to obtain work to mitigate the loss of income you seek to recover in this lawsuit, including but not limited to: advertisements regularly reviewed; advertisements responded to; employment agencies contacted; applications made; interviews obtained; and offers of employment received. For each prospective employer whom you contacted since the termination of your employment from Home Depot, state:

       a.      The date(s) of such contact(s);

       b.      The position sought;

       c.      The principal individual contacted;

       d.      The result of each contact; and

       e.      The reason given for each such result.

**RESPONSE:**

Dated: New York, New York
November 19, 2003

                    MORGAN, LEWIS & BOCKIUS LLP

            By:\_\_\_\_\_/S/\_\_Stephanie Caffera_____
                Debra Morway (DM-2629)
                101 Park Avenue
                New York, New York 10178
                (212) 309-6000

                NIXON PEABODY LLP
                Stephanie Caffera (SC-4726)
                Clinton Square
                P.O. Box 31051
                Rochester, New York 14603
                (585) 263-1000

                ATTORNEYS FOR DEFENDANT
                HOME DEPOT U.S.A., INC.