UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
:
BRADLEY BAKER, :
               Plaintiff, :
:
  -against- : 03 CV 6258 T(P)
:
THE HOME DEPOT, :
:
               Defendant. :
:
---------------------------------------------------------------x

# DEFENDANT HOME DEPOT U.S.A, INC.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Stephanie M. Caffera (SC-4726)
**NIXON PEABODY LLP**
Clinton Square
P.O. Box 31051
Rochester, New York 14603

Debra Morway (DM-2629)
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178

Attorneys for Defendant
Home Depot U.S.A., Inc.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant The Home Depot U.S.A., Inc. ("Defendant" or "Home Depot") respectfully submits this Reply Memorandum of Law in further support of its motion for summary judgment.

I.  **HOME DEPOT OFFERED PLAINTIFF REASONABLE ACCOMMODATIONS, WHICH PLAINTFF SUMMARILY REJECTED**

In his Opposition to Defendant's motion, Plaintiff concedes that Home Depot offered him two reasonable accommodations: (1) the opportunity for flexible scheduling with respect to the Sundays he would have been scheduled to work; and (2) the opportunity to change his status to part-time so he could control his schedule. Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Pl. Opp.") at 6. Each of these options is a reasonable accommodation under the law. Neither accommodation, however, was acceptable to Plaintiff, who contends that the only acceptable accommodation was for Home Deport to give him every Sunday off. Pl. Opp. at 4. The law does not support Plaintiff's contention.

It is undisputed that Home Depot offered to schedule Plaintiff's shifts around church services on the Sundays he would have been required to work. Pl. Opp. at 4. This flexible scheduling is precisely the accommodation the court found to be reasonable in George v. Home Depot, Inc., No. 00CV2616, 2001 WL 1558315 (E.D. La. Dec. 6, 2001), aff'd, 51 Fed. Appx. 482 (5th Cir. 2002).[1] In addition, it is one of the reasonable accommodations listed as an option in EEOC regulations. See 29 C.F.R. § 605.2(d)(1)(ii) (listing possible accommodations

---

[1] Plaintiff argues that the underlying facts in George are different in that George was the only greeter in the Kitchen and Bath department. Plaintiff's argument is misplaced. Defendant cited George, for the holding that, as a matter of law, flexible scheduling around religious services is a reasonable accommodation. See George, 2001 WL 1558315 at * 8.

including "flexible arrival and departure times").[2] Thus, this accommodation was reasonable as a matter of law.

Similarly, Home Depot's offer to change Plaintiff's status from full-time to part-time was also a reasonable accommodation. Plaintiff asserts that this accommodation would have been "discriminatory" because he would not be guaranteed 40 hours of work per week and "would need benefits." Pl. Opp. at 6. Plaintiff's assertion, however, is incorrect. First, as discussed in detail in Defendant's moving papers, Plaintiff's assumption that his hours would be reduced is entirely speculative.[3] Def. Mem. at 12-13. Without a proven diminution in compensation or benefits, Plaintiff is precluded from labeling this accommodation as unreasonable. See Cosme v. Henderson, 287 F.3d 152, 160 (2d Cir. 2002) (finding no basis to conclude that proposed accommodation was unreasonable where plaintiff could not prove he would have suffered a discernible loss). Second, Plaintiff testified under oath that, at the time the accommodation was offered, he had elected not to participate in Home Depot benefits. Pl. Dep. at 36. Therefore, a part-time position would leave Plaintiff in exactly the same position he was in as a full-time employee with respect to benefits. Accordingly, under Second Circuit law, this accommodation must also be assumed to be reasonable as Plaintiff has adduced no evidence, other than his own speculative and conclusory allegations, of any accompanying diminution in compensation or benefits.

---

[2] Significantly, even though Plaintiff denies he was offered shift-swapping, another option listed in EEOC regulations, he makes it clear in his Opposition that even if it had been offered, it too would not have been a reasonable accommodation in his eyes. Pl. Opp. at 6-7.

[3] Indeed, the very language of Plaintiff's Opposition underlines the speculative nature of this claim. Pl. Opp. at 8 ("[I]f I was put in a part time status and did not receive 40 hours per week or any benefits were reduced . . .").

2

Finally, Plaintiff has confirmed in his Opposition that he was completely unwilling to cooperate in the effort to find a reasonable accommodation. Pl. Op. at 4. Like the plaintiff in George, Plaintiff was unwilling to accept anything other than having every Sunday off. Pl. Dep. at 96-97. This refusal to compromise flies in the face of the U.S. Supreme Court's holding that "bilateral cooperation is appropriate in the search for an acceptable reconciliation of the needs of the employee's religion and the exigencies of the employer's business." Ansonia Bd. of Educ. v. Philbrook, 479 U.S. 60, 69 (1986). Contrary to Plaintiff's assertions, in order to be "reasonable" an accommodation is not required to fully accommodate a plaintiff's belief that he cannot work on a particular day. See Trans World Airlines v. Hardison, 432 U.S. 63, 68-70; George, 2001 WL 1558315 at * 7. Nor does Title VII limit the definition of a reasonable accommodation to those preferred by the employee. See Cosme, 287 F.3d at 158; Durant, 101 F. Supp. 2d at 234; George, 2001 WL 1558315, at *7.

The flexible scheduling and part-time options offered by Home Depot to Plaintiff were reasonable accommodations as a matter of law. Plaintiff's refusal to accept or even try these accommodations renders his religious discrimination claim unsustainable. Accordingly, Defendant's motion for summary judgment should be granted.

## II. ALLOWING PLAINTIFF TO HAVE EVERY SUNDAY OFF WOULD IMPOSE AN UNDUE HARDSHIP ON HOME DEPOT

In its moving papers, Home Depot argued that to give Plaintiff every Sunday off would have imposed an undue hardship. Def. Mem. at 14-17. That argument was supported by the sworn testimony of Colleen Vorndran, the store manager responsible for ensuring that the Henrietta store was adequately staffed and that the store's customers received good service. It was also supported by case law setting forth the legal definition of the more than de minimus level of proof required to be provided by an employer in order to prevail on this issue. Plaintiff,

3

in his Opposition, presents no Rule 56 qualifying evidence or case law that contradicts Defendant's position. Instead, Plaintiff poses a series of questions, essentially complaining that Defendant has produced no "complaints from other store associates [or] charts, graphs, printouts, reports or any other documents that shows any kind of monetary loss." Pl. Opp. at 9. Defendant, however, has presented all the evidence needed for summary judgment on this point.

It is well-settled that "undue hardship" does not have to be related solely to economic costs. Instead, it can be based upon the <u>possibility</u> of an adverse impact on co-workers. <u>Weber v. Roadway Express, Inc.</u>, 199 F.3d 270, 274 (5th Cir. 2000); <u>Kalsi v. New York City Transit Auth.</u>, 62 F. Supp. 2d 745, 757-58 (E.D.N.Y. 1998). In the instant case, Plaintiff admits that other sales associates would have had to work his scheduled Sundays in his stead. Pl. Opp. at 2, 11. Home Depot was not required to wait for or collect employee complaints or to tote up the cost of possible overtime for the substituting co-workers before claiming a more than *de minimis* cost to allowing Plaintiff every Sunday off. <u>See</u> <u>Vaughn v. Waffle House, Inc.</u>, 263 F. Supp. 2d 1075, 1084 (N.D. Tex. 2003) ("Title VII does not require an employer to actually incur accommodation costs before asserting they are more than *de minimis*.") <u>Kalsi</u>, 62 F. Supp. 2d at 757 ("[E]mployers have routinely defended refusals to accommodate religious practices by citing the effect that an accommodation might have on other employees, and courts have routinely held that such effects constitute undue hardship for the employer."). Similarly, it is unnecessary to prove that the other employees would complain. <u>Id.</u>

Plaintiff also asserts that, unlike in <u>George</u>, there were other associates who could cover for him and had been doing so before Ms. Vorndran took over. Pl. Opp. at 9-10. Plaintiff misses (or refuses to recognize) the point. Ms. Vorndran had taken over the store only weeks before Plaintiff's confrontation with her. Vorndran Aff. ¶ 2. In her opinion – the only opinion that

4

matters – because of the hours allocated to the store, she needed all full-time associates to be fully flexible and to be available to work on the store's busiest days: Saturdays and Sundays as needed. Id. at ¶ 8.[4] It was not, as Plaintiff seems to think, a matter of maintaining the status quo. What previous managers had allowed is irrelevant. In Ms. Vorndran's business judgment, all full-time associates needed to be available to work on Sundays, something most, if not all, of them would prefer not to do. Allowing Plaintiff to avoid sharing in that burden would have imposed an undue hardship in that the staffing needs of the store would not be met and the sales associates who would have had to work in Plaintiff's stead would have been subjected to unfair treatment. Vorndran Aff. ¶ 8; Def. Mem. at 15-16.[5]

Finally, while Plaintiff scoffs at Ms. Vorndran's opinions (Pl. Opp. p. 9), as discussed in detail in Defendant's moving papers (Def. Mem. p. 17), courts will not substitute their judgments for the business judgments of managers. Montana v. First Fed. Sav. & Loan Ass'n, 869 F.2d 100, 106 (2d Cir. 1989); Gordon v. Fenniman, No. 94 Civ. 6972, 1998 WL 126062, at *6 (S.D.N.Y. Mar. 19, 1998) ("This Court is not responsible for measuring the wisdom of [the employer's] business decision").[6] Plaintiff has presented no evidence that Ms. Vondran's decision was in any way discriminatory and, therefore, her judgment should be respected and upheld. See Fitzpatrick v. N.Y. Cornell Hosp., No. 00 Civ. 8594, 2003 WL 102853, at *7 (S.D.N.Y. Jan. 9, 2003). Accordingly, Home Depot has presented sufficient evidence that

---

[4] It is significant to note that Plaintiff completed a form in which stated that his schedule was fully flexible – a status that is a condition of full-time employment. Morway Aff. Exh. B.

[5] As to Plaintiff's assertion that other associates did not mind him not working on Sundays, Plaintiff has produced no proof other than his own conclusory statements and speculation on this issue.

[6] Moreover, under Rule 56 of the Federal Rules of Civil Procedure, in contrast to Plaintiff's speculative and conclusory allegations, Ms. Vondran's "opinion" is precisely the type of evidence contemplated for use in summary judgment motions.

allowing Plaintiff to take every Sunday off would have imposed an undue hardship, and its motion for summary judgment should be granted.

## CONCLUSION

Plaintiff has failed to produce any evidence that Home Depot's proffered accommodations were not reasonable and has admitted that he was unwilling to cooperate in finding a workable solution. He has also failed to present anything other than speculative and conclusory allegations in opposition to Home Depot's evidence that permitting him to take every Sunday off would have posed an undue hardship on the company. Accordingly, for all of the foregoing reasons and those set forth in Defendant's moving papers, Defendant respectfully requests that this Court grant Defendant's motion for summary judgment and dismiss Plaintiff's claims in their entirety, with prejudice.

Dated: June 29, 2004
New York, New York                    **NIXON PEABODY LLP**


By: /s/ Stephanie M. Caffera
    Stephanie M. Caffera (SC-4726)

Clinton Square
P.O. Box 31051
Rochester, New York 14603
(585) 263-1000

**MORGAN, LEWIS & BOCKIUS LLP**

Debra Morway (DM-2629)
101 Park Avenue
New York, New York 10178
(212) 309-6000

ATTORNEYS FOR DEFENDANT
HOME DEPOT U.S.A., INC.

R780644.1

6